UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
RAYMOND GONZALEZ,
                Plaintiff,

                                                                             9:07-CV-0458
vs.                                                                              (NAM/GHL)

WILLIAM CHASE; PAUL HOLSTEIN;
MICHAEL KASTE,
                Defendants.
-------------------------------------------------------

APPEARANCES:

RAYMOND GONZALEZ
99-A-1878
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

**I.    Background**.

Presently before the Court is an amended complaint, filed by plaintiff Raymond Gonzalez, in accordance with this Court's May 21, 2007 Order. Plaintiff was previously granted leave to proceed with this action *in forma pauperis*.

The May Order noted that plaintiff was asserting a claim against three F.B.I. agents because they failed to investigate plaintiff's allegations that New York State prison officials were retaliating against him by venting a "harmful chemical substance" into plaintiff's cell and subjecting plaintiff to "laser rays." Dkt. No. 4. The May Order observed that:

> Plaintiff alleges that defendants have a duty to protect plaintiff and that the defendants' decision not to investigate plaintiff's allegations constitutes a breach of that duty. Dkt.

No. 1 at 1. However, plaintiff has not indicated what special relationship gives rise to plaintiff's constitutional right to protection or defendants' constitutional duty to protect plaintiff. It is well established that a special relationship exists between prison officials and inmates that creates a duty to protect. *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 532 (2d Cir. 1993). However, none of the defendants in this action are prison officials and none of the defendants have any authority over plaintiff. Absent a showing that defendants have a duty to protect plaintiff, Gonzalez cannot state a viable constitutional claim.

Plaintiff has also alleged that the decision not to investigate was based upon racial discrimination. However, plaintiff has failed to make any specific allegations of discrimination in his complaint and, therefore, the claim must be dismissed if not addressed in an amended complaint. *Id.*

The May Order permitted plaintiff an opportunity to amend his complaint and address the legal deficiencies identified in his original complaint.

## II.     Amended Complaint.

The amended complaint sets forth essentially the same claims and allegations as did the original complaint. Plaintiff has wholly failed to address the source, if any, of the defendants' duty to investigate his claims.

It is well settled that "[t]he initiation of a criminal investigation by the FBI is clearly a discretionary act." *Tosado v. Klein*, 1991 WL 218547, *3 (D.Conn), *aff'd* 962 F.2d 3 (2d Cir. 1992) *citing Moses v. Kennedy*, 219 F. Supp. 762 (D.D.C. 1963). "It is not a duty owed to petitioner." *Tosado*, supra., *citing Inmates of Attica Correctional Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973). In the case before this Court, plaintiff made a request of the F.B.I. and an agent advised plaintiff that no investigation would be undertaken. Dkt. No. 6, Exhibits A and B. Because the determination not to investigate is wholly discretionary, there is not legal duty owing to plaintiff upon which he can assert a claim for damages. Further, with respect to the assertion that the refusal to investigate was motivated racial discrimination, plaintiff has failed to set forth any factual allegations supporting such a

claim. Rather, plaintiff asserts, in the most conclusory fashion, that the defendants "did discriminate to the plaintiff by his name of race Spanish ..." Dkt. No. 6, page 18. Accordingly, this action must be dismissed.

**Finally, Gonzalez is advised that, in accordance with the terms of 28 U.S.C. § 1915(g), he will be barred from bringing future actions in this or other Districts if he is found to have brought, on 3 or more prior occasions, actions that were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A (b)(1) in *any District Court* unless plaintiff alleges in any such future lawsuit that he is under imminent danger of serious physical injury.**

WHEREFORE IT IS HEREBY

ORDERED that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), and it is further;

ORDERED that the Court certifies any appeal from this matter would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3), and it is further;

ORDERED that the Clerk serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Date: November 5, 2007

Norman A. Mordue
Chief United States District Court Judge